IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Orlando Sutton, Plaintiff, v. Tom J. Vilsack, Secretary of Department of Agriculture, Defendant. | ) | CIVIL ACTION NO. 2:12-1386-DCN-BM **REPORT AND RECOMMENDATION** |

This action was filed by the Plaintiff, an employee of the Defendant, pursuant to Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e, et. seq., and 42 U.S.C. § 1981. Plaintiff, an African-American, asserts claims for violation of an EEO Settlement Agreement and for unlawful retaliation. Plaintiff was originally represented by counsel in this matter; however, he is now proceeding pro se. See Court Docket Nos. 22, 26, 32.

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on January 30, 2014. As Plaintiff is now proceeding pro se, a Roseboro order was entered by the Court on February 4, 2014, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby





ending his case. Plaintiff thereafter filed a response in opposition to the Defendant's motion on March 10, 2014, along with a supplement on March 12, 2014, and the Defendant's motion for summary judgment is now before the Court for disposition.[1]

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972),[2] the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. As the Defendant's motion for summary judgment is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]Although Plaintiff was originally represented by counsel, as he is now proceeding pro se, the undersigned has considered Plaintiff's filings (other than the Complaint) under the more liberal standard of review for pro se litigants.





**Discussion**[3]

Plaintiff alleges in his Complaint that in February 2010 he entered into a Settlement Agreement with the Defendant regarding administrative charges of discrimination he had filed against the Defendant. This Agreement mandated that Plaintiff would receive, and that the Defendant would allow Plaintiff to take, ESF4 training during fiscal year 2010, providing that training was available and that Plaintiff coordinated the day of the training with his supervisor. Plaintiff alleges, however, that he "has never been accorded the training as set out in the agreement and agreed to by the parties," and that "[s]ubsequent to complaining of the agreement being violated, the Plaintiff was retaliated against by the Defendant on numerous occasions". Specifically, Plaintiff alleges that he was not allowed to attend various fire training exercises, even though Caucasians were allowed to attend, and that he was also not reimbursed for private automobile mileage, even though Caucasians were reimbursed for such mileage. Plaintiff further alleges that the Defendant refused to process his Worker's Compensation claim in a timely fashion because of his race and because Plaintiff had engaged in prior protected activity. Plaintiff seeks declaratory and/or injunctive relief, as well as monetary damages. See Complaint, with attached Exhibit (EEOC Decision).

**I.**

**(Failure to Comply with Terms of Settlement Agreement)**

Defendant first notes that this lawsuit stems from an EEOC complaint filed by the Plaintiff alleging that the Defendant Agency failed to comply with the terms of the February 2010 Settlement Agreement, an Agreement that was a full and complete settlement of Plaintiff's prior

---

[3]The facts and evidence are considered and discussed herein in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).





EEOC claims.[4] Defendant correctly argues that, with respect to this Agreement, Title VII does not provide a cause of action against the Government by a government employee for breach of a Settlement Agreement that resolves a Title VII lawsuit. See Frahm v. United States, 492 F.3d 258, 262 (4th Cir. 2007); see also Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 382 (1994)[Holding that a settlement agreement is an independent claim requiring its own basis for jurisdiction].

Pursuant 29 C.F.R. § 1614.504(a), where a complainant believes that a federal agency has failed to comply with the terms of a Settlement Agreement or decision, the complainant shall notify the EEO director in writing of the alleged non-compliance within 30 days and may request that the terms of the Settlement Agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased. This regulation does *not* permit federal employees to sue in federal court to enforce the terms of a Settlement Agreement. Lindstrom v. United States, 510 F.3d 1191, 1194 (10th Cir. 2007)["The regulation does not authorize a suit to enforce the settlement agreement but rather only the reinstatement of the original discrimination complaint . . . [the complainant is] thus limited . . . to suing on his original discrimination claim and not to enforce his settlement agreement. The district court therefore did not have subject matter jurisdiction to hear his suit under Title VII"]; Frahm, 492 F.3d at 262-263

[4]The Settlement Agreement provided, in relevant part:

> This settlement is a global settlement of all cases, complaints, and claims against the Agency, including any informal or formal EEO complaints, appeals before the MSPB and any other claims, complaints, cases of any nature, and any other matter arising out of or relating to complainant's employment with the Agency's Forest Service through the effective date of this agreement.

See Defendant's Exhibit 2 [Settlement Agreement], p. 1.





[Noting that the regulation specifically limits the form of relief a plaintiff may seek when they allege breach of a Title VII settlement agreement by a government agency].[5]

Therefore, to the extent Plaintiff's lawsuit includes a claim to enforce the terms of the Settlement Agreement, Plaintiff may not sue the Defendant in this Court on such a claim, and any such claim should be dismissed. Lindstrom, 510 F.3d at 1194; Frahm, 492 F.3d at 262.

**II.**

**(Retaliation Claim)**

Plaintiff also alleges a separate retaliation claim in his Complaint.[6] Title 42 U.S.C. § 2000e-16(a) provides for a retaliation claim for a federal employee. Caldwell v. Johnson, 289 Fed. Appx. 579, 592 (4th Cir. Aug. 15, 2008)[Discussing federal employee retaliation claims that arise under 2000e-16(a)]; see also Bonds v, Leavitt, 629 F.3d 369, 384 (4th Cir. 2011)["Although neither the Supreme Court nor our court has squarely addressed whether 2000e-16(a) prohibits retaliation . . . reading these provisions together leaves us little doubt that Congress 'incorporated the

---

[5]The Defendant further notes that the Settlement Agreement at issue in this case contained a specific paragraph which provided that if Plaintiff believed the Defendant had failed to comply with the terms of the Agreement, that he was required to pursue relief as set forth in 29 C.F.R. § 1614.504. See Defendant's Exhibit 2 [Settlement Agreement], Section 3, Part G.

[6]The undersigned has addressed Plaintiff's retaliation claim on the merits as it has not been objected to by Defendant and is addressed on the merits by the Defendant. However, the undersigned is also constrained to note that Plaintiff's EEO Complaint (Nos. FS-2011-00396), which included claims of not only retaliation but also race and sex discrimination, was still pending at the time he filed this lawsuit. Although a final Agency decision was issued by the Defendant on June 22, 2011 (see Defendant's Exhibit 1, Court Docket No. 57-1), it was remanded by the EEOC Office of Federal Operations on February 23, 2012, and a Final Denial of Plaintiff's request for reconsideration was not issued until February 26, 2014. The Court knows this because Plaintiff has submitted these documents as exhibits in yet another lawsuit he has filed. See Sutton v. Vilsack, C. A. No. 2:14-2117; see also Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].





protections against retaliation" afforded to private employers by 2000e-3(a).'"](quoting Ayon v. Sampson, 547 F.2d 446, 450 (9th Cir. 1976)(other internal citations omitted); see also Grosdidier v. Broadcasting Bd. of Govenors, Chairman, 709 F.3d 19, 23 (D.C.C. 2013)[Title VII's prohibition on employer retaliation applies to federal employers through §2000e-16]; Wiggins v. Secretary, Dep't of the Army, 520 Fed.Appx. 799, 800 (11th Cir. May 29, 2013)[same].

Retaliation cases under Title VII[7] are subject to the same requirements of proof as are applicable to disparate treatment claims. Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985) overruled on other grounds, Price Waterhouse v. Hopkins, 490 U.S. 228 (1989); Williams v. Cerberonics, Inc., 871 F.2d 452, 457 (4th Cir. 1989); see also Caldwell, 289 Fed. Appx. at 590-592 [The anti-retaliation standard for Title VII retaliation calms brought by private employees also applies to federal employees]. The employee is initially required to establish a prima facie case of retaliation by a preponderance of the evidence. Such a prima facie case consists of three elements: (1) the employee engaged in protected activity; (2) the employer took adverse action against the employee; and (3) a causal connection existed between the protected activity and the adverse action. Id.; Munday v. Waste Management of North America, Inc., 126 F.3d 239, 242 (4th Cir. 1997). Once a prima facie case has been presented, the Defendant employer has the burden of producing a legitimate, non-discriminatory reason for its actions. If the employer can produce a legitimate, non-discriminatory reason for its actions, the employee must then demonstrate that the Defendant's

---

[7]Although neither party addresses 42 U.S.C. § 1981 in their briefs, Plaintiff does reference § 1981 as also being a basis for his claims (in addition to Title VII). See Complaint, ¶ ¶ 1, 3. However, as a federal employee, Plaintiff may only pursue his claim under Title VII. Carter v. Sect. of Navy, 492 Fed. Appx. 50, 53 (11th Cir. 2012) [Federal employee's discrimination claim under § 1981subject to dismissal because Title VII provides the exclusive remedy for such claims], citing Brown v. G.S.A., 425 U.S. 820, 834 (1976).





proffered reason is pretextural. Id.

The retaliation claim being asserted in this lawsuit is that Plaintiff was retaliated against for complaining that the Defendant was not following the terms of his Settlement Agreement.[8] Specifically, Plaintiff alleges that "[s]ubsequent to complaining of the [settlement] agreement being violated, the Plaintiff was retaliated against by the Defendant on numerous occasions". Complaint, ¶ 8. With respect to this claim, Plaintiff alleges that he was not allowed to attend various fire training exercises even though Caucasians were allowed to attend, that he was not reimbursed for private automobile mileage while Caucasians were reimbursed for their mileage, and that the Defendant refused to timely process his Worker's Compensation claim due to Plaintiff having engaged in protected activity. Id., at ¶ ¶ 9-10.[9]

Assuming for purposes of further discussion only that Plaintiff complaining about the Defendant allegedly not complying with the terms of the Settlement Agreement constituted protected activity,[10] the evidence before the Court is that this protected activity occurred, at the earliest, on

---

[8] As previously noted, Plaintiff's earlier complaints of discrimination (including any retaliation claims) were resolved by the Settlement Agreement of February 18, 2010. See Defendant's Exhibit 2, [Settlement Agreement], p. 1. Plaintiff would need to follow the requirements of § 1614.540(a) to have those claims reviewed.

[9] Although Plaintiff also references the fact that he is an African American in his Complaint, his Complaint (drafted by counsel) clearly alleges the Defendant's actions were based on retaliation, even to the extent he alleges Caucasians were not receiving the same treatment. See Randel v. U.S. Dept. of the Navy, 157 F.3d 392, 395 (5th Cir. 1998)[Noting that retaliation and race claims under Title VII are two separate and distinct claims]. The undersigned also notes that Plaintiff is now seeking to pursue a race discrimination claim in a separate lawsuit he has now filed, which is based on these same general series of events. Sutton v. Vilsack, C. A. No. 2:14-2117. See also, n. 6, supra.

[10] Protected activity (the first prong of the retaliation prima facie case) is conduct by an (continued...)





October 26, 2010, when Plaintiff wrote a letter to the Director of Civil Rights, Office of Compliance, claiming that the Agency had failed to comply with the terms of the Settlement Agreement. See Plaintiff's Exhibit (Court Docket No. 64-1, p. 39).[11] Therefore, in order to establish his retaliation claim, Plaintiff must have evidence sufficient to create a genuine issue of fact that he was retaliated against by the Defendant for having complained about the Agency's purported non-compliance with the terms of the Settlement Agreement *after* October 26, 2010, the earliest date (according to the evidence before the Court) that Plaintiff engaged in protected conduct. Kenfield v. Colorado Dep't of Public Health & Environment, ____ Fed. Apx. ____, 2014 WL 563588 at * * 3-4 (10th Cir. Feb. 14, 2014) ["By its very nature, retaliatory conduct must come *after* the protected activity."]. Plaintiff has failed to submit evidence to establish this fact.

According to the EEO Counselor Report as well as the Decision by the Agency on

---

[10](...continued)
employee which resists or confronts an employment practice made unlawful by Title VII. Cf. Diaz v. Miami Dade County, No. 09-21856, 2010 WL 3927751, at * 5 (S.D. Fl. Aug. 17, 2010); see also Rodas v. Town of Farmington, ___ F.Supp.2d ___, 2013 WL 178152 at * 5 (W.D.N.Y. Jan. 16, 2013)["'Protected activity' includes opposing employment practices that are prohibited under Title VII (such as discrimination based on race, color, religion, sex, or national origin), or making a charge of discrimination, or participating in any investigation, proceeding, or hearing arising under Title VII."]; but see Sung Kun Kim v. Panetta, No. 11-1370, 2012 WL 3600288 at * 17 (E.D.Va. Aug. 21, 2012) ["Protected activity does not include generalized employment-related complaints unrelated to Title VII prohibited discrimination"]; Sara Kaye Ruffner v. MD OMG EMP LLC, No. 11-1880, 2012 WL 3542019 at * 3 (M.D. Aug. 13, 2012)["Protected activity does not include opposition to all 'unlawful practices' or 'practices the employee simply thinks are somehow unfair'; the employee must have 'actually opposed employment practices made unlawful by the [anti-discrimination statute"].

[11]While Defendant correctly notes that the evidence reflects that the Agency did not receive Plaintiff's new EEO claim (No. FS-2011-00396) until December 2010, for purposes of Defendant's motion for summary judgment the undersigned has used the actual date on Plaintiff's letter as the earliest date Plaintiff engaged in the protected conduct alleged.





Plaintiff's EEO claim, the only actions Plaintiff complained of in his EEO filing that occurred after he engaged in the protected activity of complaining about the Agency's purported noncompliance with the terms of the Settlement Agreement was that the Forest Service staff failed to timely process his Worker Compensation claims. See Plaintiff's Exhibit 64-1, p. 41; Defendant's Exhibit 1, pp. 1-2. All of the other actions Plaintiff complained about in his EEO filing (Complaint No. FS-2011-000396) occurred *prior* to Plaintiff having engaged in protected activity for purposes of the retaliation claim being asserted in this lawsuit. Id. Therefore, to proceed past summary judgment on this claim, Plaintiff must have evidence to show *both* that the Defendant failed to timely or properly process his Worker's Compensation claim, *and* that a causal connection exists between this adverse conduct and his having engaged in protected activity.[12]

Plaintiff has presented no such evidence, nor has he presented evidence to show any retaliatory conduct by the Defendant with respect of payment of vehicle mileage or attending fire training exercises (the other two retaliatory actions alleged in the Complaint) subsequent to his

---

[12]For purposes of further discussion of Plaintiff's claim, the undersigned has assumed for purposes of summary judgment that the Defendant's failure to timely or properly process Plaintiff's Worker's Compensation claim (if such event actually happened) would constitute an "adverse action" for purposes of a retaliation prima facie case. See Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)[holding that to establish an adverse action for purposes of a Title VII retaliation claim, "a Plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination."] (Quoting Rochen v. Gonzales, 438 F3d 1211, 1219 (C.A.D.C. 2006)); Caldwell, 289 Fed. Appx. at 588 [White standard applies to both private employees and federal employees]; cf. McCullers v. Napolitand, 427 Fed. Appx. 190, 195-196 (3d Cir. May 12, 2011)[Discussing whether delay in processing worker's compensation claim was an adverse employment action].





having engaged in protected activity.[13] Plaintiff has submitted hundreds of pages of documents to this Court, both as attachments to his response in opposition to summary judgment, the supplement he filed thereafter, and as attachments to a "letter" filed September 23, 2013 "adding documents to court record". However, almost all of these documents deal with events, conduct or proceedings that occurred prior to October 26, 2010, with a large percentage dealing with claims Plaintiff raised in his previous discrimination complaints, all of which were the subject of the February 2010 Settlement Agreement. None of those documents constitute evidence to support Plaintiff's claim that he was retaliated against by the Defendant for complaining on October 26, 2010 that the Defendant was not abiding by the terms of his Settlement Agreement. Kenfield, 2014 WL 563588, at * * 3-4 ["By its very nature, retaliatory conduct must come *after* the protected activity."]; Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998) [In order to establish a retaliation claim, the Plaintiff must have "evidence from which a reasonable fact finder could conclude that a causal connection exists between the protected activity and the adverse action(s)].

While some of Plaintiff's documents relating to his Worker's Compensation claim post-date October 26, 2010, there is nothing in these documents from which an inference can be

[13]Defendant does not argue that it was necessary for Plaintiff to have filed a separate EEO claim alleging retaliation for this conduct, and to have then administratively exhausted that claim, prior to filing this lawsuit. Cf. Clockedile v. N.H. Dept. of Corrections, 245 F.3d 1, 6 (1st Cir. 2001)["[Title VII] retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency . . . ."]. Therefore, the undersigned has treated these claims as being properly before this Court for consideration. But see, also, n. 6, supra. The undersigned has also assumed, for purposes of further discussion only, that these actions meet the standard for being "adverse employment actions" for purposes of Plaintiff's retaliation prima facie case. See also n. 10, supra.





drawn that the way Plaintiff's Worker's Compensation claim was being handled was due to a retaliatory animus on the part of the Defendant, or anyone else, because of Plaintiff's complaint that the terms of his Settlement Agreement were not being followed. University of Texas Southwestern Medical Center v. Nassar, 133 S.Ct. 2517, 2533-2534 (2013)["a plaintiff making a [Title VII] retaliation claim . . . must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer"]. Indeed, Plaintiff has submitted substantial documentation relating to his Worker's Compensation claim which reflects that his dispute concerning the way it was being handled dates all the way back to 2008. These documents further reflect that Plaintiff's Worker's Compensation claim was denied on August 12, 2009, well before the protected activity in this lawsuit. Plaintiff's request for reconsideration of this decision was denied on November 4, 2010, another request for reconsideration was denied on January 23, 2012, and Plaintiff's appeal of the decision was dismissed on July 27, 2012. See Court Docket No. 40-2, pp. 14, 37-38.

While the denial of Plaintiff's reconsideration requests and appeal of the original Worker's Compensation decision occurred after October 26, 2010, Plaintiff has provided no evidence whatsoever to show that the *reason* his reconsideration requests and appeal were denied was because the Defendant was retaliating against him for complaining that the terms of his Settlement Agreement were not being followed. In fact, these documents reflect that the decision on Plaintiff's Worker's Compensation reconsideration requests and appeal were not even made by the Defendant named in this case - they were made by the United States Department of Labor. Id. Plaintiff has provided no evidence to show, or to give rise to an inference to establish, that officials at the Department of Labor did or would have retaliated against him because he complained that the Defendant was not complying with the terms of his Settlement Agreement. Sullivan v. River Valley





School District, 197 F.3d 804, 815 (6th Cir. 1999), cert. denied, 530 U.S. 1262 (2000) ["Without a showing that those other reasons were discriminatory, [Plaintiff] cannot establish a prima facie case for relief....].

Additionally, almost all of the documents Plaintiff has submitted in which he complains that the reason his Worker's Compensation claim was being denied was because his employer or supervisors were discriminating or retaliating against him relate to the period *prior* to October 26, 2010; see generally, Plaintiff's Exhibits (Court Docket No. 64-1, pp. 7, 14-15, 20-21, 59, 60-62, 71-73, 96-98, 154-158), (Court Docket No. 40-1, pp. 15-20); while in his brief opposing summary judgment, Plaintiff talks about how his Worker's Compensation claim and issues related to his medical condition had been mishandled in January 2009, March 2010, April 2010, August 2010, September 2010,and October 19, 2010, all of which is also prior to his having engaged in protected activity. Plaintiff has offered no evidence to show, or cogent argument to establish, why or how the Department of Labor's decision to deny his reconsideration requests and appeal of an earlier denial of a Worker's Compensation claim constituted unlawful retaliation by the Defendant Department of Agriculture for his having complained about the Defendant not fulfilling the terms of his February 2010 settlement agreement. Cecilino v. Allstate Ins. Co., 908 F.Supp. 519, 532 (N.D.Ill. 1995) [a simple showing that an adverse action occurred after a complaint of discrimination 'is not even enough to make out a prima facie case of retaliation, let alone to survive a motion for summary judgment.']; Rucker v. Greenville Co. Sheriff Dep't., No. 10-1533, 2012 WL 951789, * 2 (D.S.C. March 20, 2012) [Conclusory allegation or denials, without more, are insufficient to preclude the granting of a summary judgment motion].

Plaintiff has also failed to present any evidence to show that any failure by him to





receive reimbursement for private automobile mileage or fire training after October 26, 2010 was because of retaliation for Plaintiff having complained about enforcement of his Settlement Agreement on October 26, 2010. In his response brief, Plaintiff talks about how his supervisor Paul Bradley did not allow him to attend fire and/or developmental logistics training "multiple times", citing dates from January 2010, March 2010, and May 2010, all of which were prior to October 26, 2010, and could therefore not have been retaliatory conduct for Plaintiff having engaged in protected activity by definition. Kenfield, 2014 WL 563588 at * * 3-4. Plaintiff's exhibits also include documents showing Plaintiff complaining about not receiving his fire training both before and after his having engaged in protected activity. See Plaintiff's Exhibits (Court Docket No. 64-1, pp. 23, 33, 36-37, 39, 41-42, 92-93, 96). Similarly, Plaintiff's complaints about his mileage reimbursements also cover periods of time both before and after Plaintiff engaged in the protected activity at issue in this lawsuit, while in his brief Plaintiff raises concerns about how he was being treated as far back as 2004. When specifically addressing the issue of his travel vouchers in his brief, Plaintiff states that the adverse action being taken against him occurred from August 2009 through March of 2011, as well as that he had "been harassed and discriminated over this travel voucher issue since April 2006". See also Plaintiff's Exhibits (Court Docket No. 64-1, pp. 70, 97-114), (Court Docket No. 40-1, pp. 15-16, 18-19, 40-41, 78). Further, to the extent any of this conduct occurred after October 26, 2010, Plaintiff has cited to no evidence where any employee or supervisor of the Defendant ever referenced his Settlement Agreement or otherwise ever displayed any retaliatory animus as a cause or reason for any decision made or taken. Cecilino, 908 F.Supp. at 532 (N.D.Ill. 1995) [a simple showing that an adverse action occurred after a complaint of discrimination 'is not even enough to make out a prima facie case of retaliation, let alone to survive a motion for summary judgment.'].





Hence, even assuming for purposes of summary judgment that Plaintiff's travel voucher or training requests were improperly handled, there is no basis in the evidence before the Court whatsoever to show or give rise to a genuine issue of fact that any travel voucher or training request submitted by the Plaintiff after October 26, 2010 was disapproved or mishandled because he had complained on October 26, 2010 about his settlement agreement not being complied with. Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985)[Plaintiff may not "create a genuine issue of fact through mere speculation or the building of one inference upon another"]; Gairola v. Virginia Dep't of General Services, 753 F.2d 1281, 1288, n. 4 (4th Cir. 1985) [a case should be dismissed "...when the only evidence in support of the plaintiff's...case is based on unfounded conjecture...that [his] disfavorable treatment was the result of discrimination...."]; Rucker, 10-1533, 2012 WL 951789 *2 [Conclusory allegation or denials, without more, are insufficient to preclude the granting of a summary judgment motion].

While Plaintiff may sincerely believe that how his Worker's Compensation claim, fire training, and voucher requests were mishandled or denied because of retaliatory conduct, he has offered no *evidence* to show that the actions complained of were the result of unlawful retaliation. Rather, he just sets forth his own subjective belief and speculation that this occurred. Boden v. U.S. Amada Ltd., 978 F.Supp. 657, 659 (E.D.N.C. 1997) [former employee's own subjective belief and conclusory statements that he had been discriminated against are not sufficient to raise reasonable inference of unlawful discrimination]; see also Beale, 769 F.2d at 214 [Plaintiff may not "create a genuine issue of fact through mere speculation or the building of one inference upon another"]. Additionally, as previously noted, all of the conduct of which Plaintiff complains that occurred prior to his Settlement Agreement of February 2010 was resolved through that Settlement Agreement, and





he cannot now litigate any claims relating to conduct alleged to have occurred prior to that time in this lawsuit for the reasons previously stated.

Therefore, even if some improper activity or conduct did occur, it is not prosecutable by the Plaintiff in this lawsuit as a Title VII retaliation claim unless it occurred after October 26, 2010 (when Plaintiff allegedly engaged in protected conduct), and was a result of his having engaged in that protected conduct. Plaintiff has simply failed to submit evidence to establish this claim. Sullivan, 197 F.3d at 815, cert. denied, 530 U.S. 1262 (2000) ["Without a showing that those other reasons were discriminatory, [Plaintiff] cannot establish a prima facie case for relief....]; see also Rudolph v. Hechinger, 884 F.Supp. 184, 188 (D.Md. 1995) ["Title VII (does) not protect against unfair business decisions - only against decisions motivated by unlawful animus"], citing Turner v. Texas Instruments, Inc., 555 F.2d 1251, 1257 (5th Cir. 1977); Hopkins v. Baltimore Gas and Electric Co., 871 F.Supp. 822, 836 (D.Md. 1994), aff'd 78 F.3d 745 (4th Cir. 1996), cert. denied, 117 S.Ct. 70 (1996) [finding that "many of [Plaintiff's] allegations can be attributed to an increase of predictable tension in an office after a discrimination charge is filed. This is not adverse employment action."]; Dowe, 145 F.3d at 657 [Plaintiff "must have evidence from which a reasonable factfinder could conclude that a causal connection exists between the protected activity and the adverse action(s)"]; Cecilino, 908 F.Supp. at 532 [a simple showing that an adverse action occurred after a complaint of discrimination 'is not even enough to make out a prima facie case of retaliation, let alone to survive a motion for summary judgment.']; Palermo v. Clinton, No. 11-1958, 2012 WL 169125 at * 2 (7th Cir. Jan. 20, 2012)[Suspicious timing alone generally not enough to create a triable issue retaliation case]; Gairola, 753 F.2d at 1288, n. 4 [a case should be dismissed "...when the only evidence in support of the plaintiff's...case is based on unfounded conjecture...that [his]





disfavorable treatment was the result of discrimination...."]; Colbert v. Tapella, 677 F.Supp. 2d 289, 295 (D.D.C. 2010)(quoting Hairsine v. James, 517 F.Supp.2d 301, 308-309 (D.D.C. 2007)["[T]he scope of review in employment discrimination cases is more narrow than [Plaintiff] wishes because federal courts are not review boards for local employment decisions . . . . A personnel decision can be silly, it can be unfair, and it can be short-sighted without being illegal; Title VII protects discriminatory decisions, not wrong ones."]); House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim].

Therefore, the Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

**Conclusion**

Based on the foregoing, it is recommended that the Defendant's' motion for summary judgment be **granted,** that this case **dismissed**.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

June 25, 2014
Charleston, South Carolina





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



