**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| ORLANDO SUTTON,  )<br> )<br>Plaintiff,  )<br> )<br>vs.  )<br> )<br>TOM J. VILSACK, *Secretary of*  )<br>*Department of Agriculture*,  )<br> )<br>Defendant.  )<br>_____ ) | No. 2:12-cv-01386-DCN<br><br><br>**ORDER** |

This matter is before the court on Magistrate Judge Bristow Marchant's Report and Recommendation ("R&R") that this court grant Secretary of Agriculture Tom J. Vilsack's ("the Secretary") motion for summary judgment. Plaintiff Orlando Sutton ("Sutton") filed written objections to the R&R. For the reasons set forth below, the court adopts the R&R and grants the Secretary's motion for summary judgment as to Sutton's breach of settlement agreement and retaliation claims. However, because the Secretary has not moved for summary judgment on Sutton's racial discrimination claim, this order does not affect that claim.

## I.  BACKGROUND

### A.    Procedural History

On May 24, 2012, Sutton filed this action against the Secretary asserting claims for breach of settlement agreement, as well as racial discrimination and retaliation in violation of the Civil Rights Act of 1991, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. The Secretary moved for summary judgment on January 30, 2014. Sutton responded on March 10, 2014 and supplemented his response on March 12, 2014. The magistrate judge issued an R&R on June 25, 2014, recommending that this court

1

grant the Secretary's motion for summary judgment. Sutton filed objections to the R&R on July 15, 2014 and supplemented his objections the next day. This matter is now ripe for the court's review.

### B.     Factual Allegations[1]

Sutton is an African-American male who was at all relevant times employed as a district ranger for the Department of Agriculture ("the Department"). Compl. Ex. A. Sutton complained to the Equal Employment Opportunity Commission ("EEOC") that the Department was discriminating against him on the bases of race, color, and sex. Id. At some time thereafter, Sutton entered into a settlement agreement with the Department that resolved the issues raised in his initial filing with the EEOC. Compl. ¶ 7. The settlement agreement stated that Sutton would receive certain training during 2010, provided the training was available and that he coordinated the training with his supervisor. Id. Sutton understood that completing such training would not guarantee him a promotion. Id.

Sutton asserts that he has not received the training as set out in the settlement agreement. Compl. ¶ 8. Additionally, he alleges that he has been retaliated against by Department employees on numerous occasions since complaining that the Department had breached the settlement agreement. Id. Specifically, he alleges that: he was not allowed to attend various fire training exercises, even though Caucasians were allowed to attend; he was not reimbursed for private automobile mileage, even though Caucasians were reimbursed for such mileage; and the Department refused to process his worker's

---

[1] The facts are considered and discussed in the light most favorable to Sutton, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).

compensation claim in a timely matter because of his race and prior protected activity. Compl. ¶¶ 8-10.

## II. STANDARD OF REVIEW

### A. Objections to R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). In absence of a timely filed objection to a magistrate judge's R&R, this court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636(b)(1).

### B. Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will

not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. Id. at 255.

### C. Pro Se Plaintiff

While plaintiff was originally represented by counsel, he is now proceeding pro se in this case. Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se complaints are therefore held to a less stringent standard than those drafted by attorneys. Id. Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

## III. DISCUSSION

While Sutton's pleadings are difficult to parse, it appears that he asserts three claims against the Secretary. The court addresses each of these claims in turn.

### A. Breach of Settlement Agreement

The Secretary has interpreted Sutton's complaint as asserting a cause of action for breach of the settlement agreement. See Def.'s Mot. for Summ. J. 5. In his objections, Sutton asserts that his complaint does not request the enforcement of the settlement agreement, but rather seeks to reinstate his original discrimination complaint. Pl.'s Objections 6.

To the extent the complaint does advance a claim for breach of the settlement agreement, the court agrees with the magistrate judge that Title VII does not provide a cause of action against the government for such a cause of action. See Frahm v. United States, 492 F.3d 258, 262 (4th Cir. 2007) (holding government's waiver of sovereign immunity in Title VII suits "does not expressly extend to monetary claims against the government for breach of a settlement agreement that resolves a Title VII dispute"); see also 29 C.F.R. § 1614.504(a) (limiting forms of relief a plaintiff may seek when alleging breach of a settlement agreement to requesting the EEOC that the terms of the settlement agreement be specifically implemented or that the complaint be reinstated for further processing). Therefore, the court does not have jurisdiction to hear a claim for breach of a settlement agreement.

Moreover, Sutton's argument that he has reinstated his original discrimination complaint fails. Before filing a Title VII suit in district court, a plaintiff must exhaust his administrative remedies. Even assuming that Sutton properly exhausted his administrative remedies with regard to his EEOC complaint, his complaint here contains no absolutely no factual allegations relating to discrimination or retaliation that occurred before the settlement agreement was breached. See Compl. ¶ 8-10 (describing events "[s]ubseqent to complaining of the agreement being violated"). Therefore, to the extent that Sutton is seeking redress for any events prior to his allegation that the settlement agreement had been breached, his complaint is woefully inadequate.

Whether Sutton's complaint is interpreted as asserting a breach of settlement agreement claim or reinstating his original EEOC complaint, the Secretary is entitled to summary judgment.

### B.    Retaliation

Sutton's complaint alleges that "[s]ubsequent to complaining of the [settlement] agreement being violated, the Plaintiff was retaliated against by the Defendant on numerous occasions." Compl. ¶ 8. Sutton gives three examples of such retaliation: he was unable to attend various fire training exercises, he was not reimbursed for private automobile mileage, and processing of his worker's compensation claim was delayed. Compl. ¶¶ 9-10.

A plaintiff lacking direct evidence of retaliation may utilize the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), framework to prove a claim of retaliation. Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). In the McDonnell Douglas framework, the plaintiff must first establish a prima facie case of retaliation. Id. To do so, the plaintiff must show that (1) he engaged in a protected activity, (2) his employer took adverse against him, and (3) a causal relationship existed between the protected activity and the adverse employment action. Id. A plaintiff alleging retaliation "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." Univ. of Texas Sw. Med. Ctr. v. Nassar, --- U.S. ---, 133 S. Ct. 2517, 2534 (2013). If the plaintiff establishes a prima facie case of retaliation, the burden then shifts to the employer to establish a legitimate non-retaliatory reason for the action. Price, 380 F.3d at 212. If the employer sets forth a legitimate, non-retaliatory explanation for the action, the plaintiff then must show that the employer's proffered reasons are pretextual. Id.

When analyzing Sutton's retaliation claim, the magistrate judge first assumed that Sutton's letter to the Director of Civil Rights complaining that the Department had not

complied with the terms of the settlement agreement constituted protected activity and that the three alleged instances of retaliation noted above were adverse employment actions. R&R 7, 10. The magistrate judge noted that Sutton wrote the letter on October 26, 2010, and therefore any retaliation on the basis of writing the letter must have occurred after that date. R&R 7-8; see Kenfield v. Colo. Dept. of Pub. Health & Env't, 557 F. App'x 728, 733 (10th Cir. 2014) ("By its very nature, retaliatory conduct must come after the protected activity." (emphasis in original)). The magistrate judge found that most of the evidence submitted by Sutton dealt with events, conduct, or proceedings that occurred prior to October 26, 2010, and therefore could not support his retaliation claim. R&R 10. The magistrate judge further found that although there were some documents relating to Sutton's worker's compensation claim that post-date October 26, 2010, his claim had actually been denied before his October 26 letter and there was nothing in the later documents raising an inference that his claim was denied because of his protected activity. R&R 10-11. While Sutton's requests for reconsideration were denied after October 26, 2010, there was no evidence that those denials were because of his letter. R&R 11. The magistrate judge similarly found that Sutton's complaints about his mileage reimbursements occurred both before and after his protected activity at issue here. R&R 13. Because any evidence of retaliation was purely speculative, the magistrate judge recommended granting the Secretary's motion for summary judgment with regard to Sutton's retaliation claim. R&R 16.

  Sutton's objections are also difficult to decipher, and that difficulty is exacerbated by lengthy attachments which are in no apparent order and erratically cited. Notwithstanding his many extended digressions, Sutton has failed to point to any

7

additional evidence tending to show that the actions complained of were the result of unlawful retaliation. Any evidence of a causal connection is significantly weakened by the fact that Sutton's complaints about his worker's compensation claim and mileage reimbursement requests began long before his October, 26, 2010 letter. See Reynolds v. Extendicare Health Servs., Inc., 257 F. App'x 914, 921 (6th Cir. 2007) (finding no causal connection in Title VII retaliation case because even though adverse action occurred after protected activity, the decision was made prior to protected activity). Moreover, there is no evidence that any person in a decision-making position regarding the fire training exercises, worker's compensation claim, or mileage reimbursement request knew about Sutton's October 26, 2010 letter. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998) (holding that an "employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish the third element of the prima facie case").

In short, Sutton's claim that he was retaliated against for complaining that the Department of Agriculture breached the settlement agreement is based on nothing more than his own belief and speculation. See Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) (holding that a party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another"); Gairola v. Com. of Va. Dep't of Gen. Servs., 753 F.2d 1281 (4th Cir. 1985) (holding that a plaintiff's prima facie case under Title VII cannot be "based on unfounded conjecture or the fanciful possibility that her disfavorable treatment was the result of discrimination"). Therefore, the Secretary is entitled to summary judgment on Sutton's retaliation claim.

### C. Race Discrimination

Even though Sutton was represented by an attorney at the time this action was filed, his complaint is not a model of clarity. That said, the complaint can be reasonably interpreted to advance not only claims for breach of the settlement agreement and retaliation, but also a claim for race discrimination under Title VII. See Compl. ¶ 3 (seeking damages pursuant to § 703(a) of the Title VII, which makes it unlawful "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . ."); id. ¶ 9 ("Plaintiff was not allowed to attend various fire training exercises, notwithstanding the fact that Caucasians were allowed to attend. The Plaintiff was not reimbursed for private automobile mileage, while other persons, who were Caucasian, were reimbursed for those types of mileage."); id. ¶ 10 ("[T]he Defendant refused to process, in a timely fashion, because of his race . . . , the Plaintiff's worker's compensation claim.").

To the extent that Sutton's complaint asserts a Title VII racial discrimination claim, the Secretary did not seek summary judgment on it. As a result, that claim survives the court's present scrutiny.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the R&R and **GRANTS** defendant's motion for summary judgment with regard to plaintiff's breach of settlement agreement and retaliation claims.  Because defendant did not move for summary judgment with regard to plaintiff's racial discrimination claim, this order does not affect that claim.

**AND IT IS SO ORDERED**.

                                **DAVID C. NORTON**
                                **UNITED STATES DISTRICT JUDGE**

**August 20, 2014**
**Charleston, South Carolina**